| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| Southern District of New York |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

1. **Debtor's name**  
   Codere Finance 2 (UK) Limited

2. **Debtor's unique identifier**  
   For non-individual debtors:  
   ☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___  
   ☑ Other  12748135  . Describe identifier  Company Registration Office Number
   
   For individual debtors:  
   ☐ Social Security number: xxx – xx– ___ ___ ___ ___  
   ☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ___ ___ ___ ___  
   ☐ Other _____ . Describe identifier _____ .

3. **Name of foreign representative(s)**  
   Manuel Martinez-Fidalgo

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**  
   Proceeding pursuant to Part 26 of the Companies Act 2006 of England and Wales before the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies Court

5. **Nature of the foreign proceeding**  
   *Check one:*  
   ☑ Foreign main proceeding  
   ☐ Foreign nonmain proceeding  
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**  
   ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.  
   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.  
   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.  
   _____  
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**  
   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)  
   ☑ Yes

Debtor  Codere Finance 2 (UK) Limited
        *Name*

Case number *(if known)*_____

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|
| | | (i) all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | | (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | | (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

**9. Addresses**

**Country where the debtor has the center of its main interests:**

United Kingdom

**Debtor's registered office:**

Suite 1, 3rd Floor
*Number    Street*

11-12 St. James Square
*P.O. Box*

London
*City    State/Province/Region    ZIP/Postal Code*

United Kingdom, SW1Y 4LB
*Country*

**Individual debtor's habitual residence:**

_____
*Number    Street*

_____
*P.O. Box*

_____
*City    State/Province/Region    ZIP/Postal Code*

_____
*Country*

**Address of foreign representative(s):**

Suite 1, 3rd Floor
*Number    Street*

11-12 St. James Square
*P.O. Box*

London
*City    State/Province/Region    ZIP/Postal Code*

United Kingdom, SW1Y 4LB
*Country*

**10. Debtor's website** (URL)    https://www.grupocodere.com

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other. Specify: _____

☐ Individual

| Debtor | Codere Finance 2 (UK) Limited | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this* district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

X _/s/ M. Martinez-Fidalgo_____   Manuel Martinez-Fidalgo
   Signature of foreign representative    Printed name

Executed on  09/14/2020
             MM / DD / YYYY

X _____   _____
   Signature of foreign representative    Printed name

Executed on  _____
             MM / DD / YYYY

**14. Signature of attorney**

X _/s/_____ Date 09/14/2020
   Signature of Attorney for foreign representative    MM / DD / YYYY

Michelle M. McGreal, Esq.
Printed name

Clifford Chance US LLP
Firm name

31 West 52nd Street
Number     Street

New York                                    NY        10019
City                                        State     ZIP Code

(212) 878-8000                              Michelle.McGreal@CliffordChance.c
Contact phone                               Email address

4599031                                     NY
Bar number                                  State

CLIFFORD CHANCE US LLP
Jennifer C. DeMarco
Michelle M. McGreal
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000

*Attorneys for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
: 
In re: :
: Chapter 15
: 
**CODERE FINANCE 2 (UK) LIMITED,** : Case No. 20-_____ (__)
: 
**Debtor in a Foreign Proceeding.** [1] :
: 
------------------------------------------------------- x

**STATEMENTS OF FOREIGN REPRESENTATIVE REQUIRED BY SECTION 1515(C) OF THE BANKRUPTCY CODE AND RULE 1007(A)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Manuel Martínez-Fidalgo, in his capacity as the foreign representative (the "**Foreign Representative**" or "**Petitioner**") of Codere Finance 2 (UK) Limited (the "**Debtor**" or the "**Company**"), which is the subject of proceedings before the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies Court (the "**English Court**") pursuant to the Companies Act 2006 (the "**English Proceeding**") concerning a scheme of arrangement (the "**Scheme**"), files this list pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure, and makes the following statements required by section 1515(c) of title 11 of the United States Code (the "**Bankruptcy Code**"):

---

[1] Codere Finance 2 (UK) Limited is incorporated and registered in England and Wales with company number 12748135. The Company has its registered office at Suite 1, 3rd Floor, 11-12 St. James Square, London, SW1Y 4LB.

A. **Statement Required by Section 1515(c) of the Bankruptcy Code**

The Foreign Representative submits that there is no foreign proceeding with respect to the Debtor known to him other than the English Proceeding.

B. **Administrators in Foreign Proceeding Concerning the Debtor**

Manuel Martínez-Fidalgo, or, if he is unable to so act, Matthew Charles Turner, is the only authorized foreign representative in the Foreign Proceeding. The Foreign Representative's address is as follows:

> Suite 1, 3rd Floor
> 11-12 St. James Square
> London, SW1Y 4LB

C. **All Parties to Litigation Pending in the United States in which the Debtor is a Party at the Time of Filing of the Petition**

None.

D. **Entities Against Whom Provisional Relief of Sought**

None.

## **Chapter 15 Petition**

Item 6: Convening Order and Board Resolution

**Convening Order**

CR-2020-003544

*11 Sep 2020*

**IN THE HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

CR-2020-003544

**INSOLVENCY AND COMPANIES LIST (ChD)**

**THE HONOURABLE MRS JUSTICE FALK**

The 11th day of September 2020

IN THE MATTER OF CODERE FINANCE 2 (UK) LIMITED

-and-

IN THE MATTER OF THE COMPANIES ACT 2006

---

**ORDER TO CONVENE MEETING**

---

**UPON THE APPLICATION** by Part 8 Claim Form dated 25 August 2020 (the "**Claim Form**") of the above named Codere Finance 2 (UK) Limited (the "**Company**"), whose registered office is at Suite 1, 3rd Floor 11-12 St. James's Square, London, United Kingdom, SW1Y 4LB and whose registered number is 012748135

**AND UPON HEARING** David Allison QC and Ryan Perkins as Counsel for the Company, Felicity Toube QC as Counsel for an ad hoc group of Scheme Creditors, and Tom Smith QC as Counsel for Kyma Capital Limited

**AND UPON READING** the draft scheme document (the "**Scheme Document**") containing, amongst other things, the terms of the proposed scheme of arrangement to be made between the Company and its Scheme Creditors pursuant to Part 26 of the Companies Act 2006 (the "**Scheme**") and the proposed explanatory statement in relation thereto pursuant to section 897 of the Companies Act 2006 (the "**Explanatory Statement**")

**AND UPON READING** the evidence filed

**AND UPON** the Company having appointed Manuel Martinez-Fidalgo, or if he is unable to so act, Matthew Charles Turner to act as the foreign representative in respect of the Scheme in any case process under Chapter 15 of the US Bankruptcy Code to obtain recognition of this proceeding in respect of the Scheme as a foreign main proceeding and enforcement of the Scheme, and of any order of this Court sanctioning the Scheme in the United States

**AND UPON** the Court adopting in this Order, save where terms are otherwise expressly defined, the definitions contained in the Explanatory Statement

**IT IS ORDERED AND DIRECTED** that:

1. The Company be at liberty to convene a single meeting of the Scheme Creditors (the "**Scheme Meeting**") for the purpose of considering, and if thought fit, approving, with or without modification, the Scheme in substantially the form included at Section II (*The Scheme*) of the Scheme Document.

2. The Scheme Meeting be held on 29 September 2020 commencing at, or as soon as reasonably practicable after, 2:00 pm (London time) (or such other time or date as the Company may decide and notify to the Scheme Creditors).

3. The Scheme Meeting be held remotely by webinar via Zoom in the manner set out in Section IV (*Notice of Scheme Meeting*) of the Scheme Document.

4. As soon as reasonably practicable after this Order is made, the Company shall instruct GLAS Specialist Services Limited (the "**Information Agent**") to post to https://glas-agency.appiancloud.com/suite/sites/codere (the "**Scheme Website**") and https://glas.agency/2020/07/13/codere-s-a/ a copy of the Scheme Document containing (i) the Explanatory Statement, (ii) the terms of

the Scheme, (iii) the notice of the Scheme Meeting (the "**Notice of the Scheme Meeting**"), and (iv) an account holder letter (the "**Account Holder Letter**"), including guidance notes for the completion thereof, which are to be used by the Scheme Creditors to (a) cast their vote in respect of the Scheme, and (b) amongst other things, elect, if they wish to do so (or nominate one or more Nominated Participant(s)), to participate in the issuance of EUR 165 million super senior secured notes pursuant to the terms of the Scheme in each case subject to amendments or modifications of the type referred to in paragraph 6 below.

5.  The Scheme Document will be distributed to Scheme Creditors by the following methods: (i) by the delivery of notices to the Clearing Systems for communication to Existing Noteholders; (ii) via the Regulated News Service operated by the Irish Stock Exchange; (iii) as otherwise required by the rules of the Irish Stock Exchange; (iv) via the Comisión Nacional de Mercado de Valores; (v) made available on the 'CNMV Filings' section of the Codere website (https://www.grupocodere.com/en/shareholders-investors/cnmv-filings/); and (vi) made available on the Scheme Website and https://glas.agency/2020/07/13/codere-s-a/.

6.  The Company be at liberty to distribute the Scheme Document and the other documents referred to in paragraph 4 above in the form or substantially in the form of the drafts submitted to the Court, subject to completion of blanks and minor immaterial modifications, and such amendments or modifications as may be necessary or desirable to reflect the judgment of Mrs Justice Falk and/ or to reflect the relisting of the sanction hearing from 29 September 2020 to 6 to 7 October 2020, in each case as advised by solicitors and Counsel.

7.  Until the date of the Scheme Meeting, Scheme Creditors shall be able to request hard copies of the Scheme Document from the Information Agent (by emailing LM@glas.agency copying

       ProjectClimb2020@CliffordChance.com) and when so requested shall be provided with them free of charge.

8.   Unless the Court orders otherwise, the accidental omission to provide any Scheme Creditor with the Scheme Document or the non-receipt by any Scheme Creditor of the Scheme Document shall not invalidate the proceedings at the Scheme Meeting.

9.   Only Scheme Creditors who return their validly completed and signed Account Holder Letter (and any other information and confirmations specified in such Account Holder Letter) online via the Scheme Website or in pdf form by email to the Information Agent (LM@glas.agency) by no later than 4:00pm (London time) on 25 September 2020 (the "**Voting Deadline**") be entitled to vote, either in person, by a duly authorised representative, if a corporation, or by proxy at the Scheme Meeting.

10.   Manuel Martinez-Fidalgo, or, if he is unable to so act, any other person appointed by the Company, shall act as chairperson of the Scheme Meeting (and any adjournment thereof) (the "**Chairperson**").

11.   In the event of any Scheme Creditor's failure to deliver its Account Holder Letter by the Voting Deadline, the Chairperson be entitled to disregard those voting instructions submitted by that Scheme Creditor for the purposes of voting at the Scheme Meeting, and the Scheme Creditor on whose behalf the Account Holder Letter has not been delivered by the Voting Deadline may not be entitled to vote at the Scheme Meeting, subject always to the Chairperson's absolute discretion (see paragraph 15 below).

12.   The Chairperson be entitled (without the consent of the Scheme Creditors) to adjourn the Scheme Meeting (and any adjourned Scheme Meeting) to such new date and time as the Chairperson shall decide by giving notice to the Scheme Creditors in the same manner

as notice was given to them of the original date and time of the Scheme Meeting.

13. The Chairperson be entitled to rely on the signature on the Account Holder Letter, as a warranty that the signature has been duly authorised by the relevant Scheme Creditor to sign the Account Holder Letter on behalf of that Scheme Creditor without further investigation.

14. The Chairperson be entitled to rely on a Scheme Creditor's voting instruction submitted to the Information Agent as a warranty that such instruction has been duly authorised by the relevant Scheme Creditor without further investigation.

15. The Chairperson be at liberty, but under no obligation, to accept an otherwise incomplete or late Account Holder Letter at their discretion, provided that any such Account Holder Letter is received before the Chairperson closes the voting at the relevant Scheme Meeting.

16. The Chairperson be at liberty, but under no obligation, to permit the attendance of persons who are not otherwise entitled to attend and vote at the Scheme Meeting provided that such a person shall not be entitled to speak at such Scheme Meeting without the permission of the Chairperson.

17. The Chairperson be at liberty, but under no obligation, to exclude from the Scheme Meeting any person who is not a Scheme Creditor (or an adviser thereto) or a person invited to attend the Scheme Meeting by the Company.

18. The claim of a Scheme Creditor for voting purposes be calculated as at 4:00 pm (London time) on 25 September 2020 or such later date as the Company may determine (the "**Record Time**"). This calculation will be based on the principal amount of all Existing Notes beneficially held by such Scheme Creditor, together with accrued but unpaid interest thereon, calculated as at the Record Time and with all

amounts denominated in USD being notionally converted into EUR at the Spot Rate of Exchange.

19. A Scheme Creditor be entitled to appoint one person as their proxy, and, if the appointee is not the Chairperson, be entitled to provide in the appointment that the appointee may vote in the appointee's absolute discretion.

20. Any person appointed as proxy for a Scheme Creditor be entitled to attend and speak at the Scheme Meeting.

21. The Chairperson be directed to file a report with the Court on the Scheme Meeting and the voting prior to the hearing of the application for sanction of the Scheme (assuming the requisite statutory majorities are obtained at the Scheme Meeting).

22. The Chairperson and the Company be at liberty to apply for such further directions in this matter as may be necessary or appropriate.

23. The Claim Form be adjourned generally with liberty to the Company to restore it.

24. If the Scheme is approved at the Scheme Meeting by the required statutory majorities, the Claim Form be restored and a further Court hearing at which the Company shall seek the sanction by the Court of the Scheme be listed on 6 and 7 October 2020, with a reading day on 5 October 2020.

25. Costs reserved to the sanction hearing.

26. Any application for permission to appeal may made to the Judge by way of paper application. The time for filing of any Appellant's notice is extended until 21 days after the Court determines that application.

**AND IT IS DECLARED** that:

27. By a resolution passed by the Company's board of directors, Manuel Martinez-Fidalgo, or if he is unable to so act, Matthew Charles Turner,

has been validly appointed by the Company as agent to seek relief available as a foreign representative for the purpose of seeking recognition of the Scheme under Chapter 15 of the US Bankruptcy Code.

**Service of this Order**

The Court has provided a sealed copy of this Order to the serving party:

Clifford Chance LLP at 10 Upper Bank Street, London E14 5JJ Ref: IW/66-40747934

Tel: 020 7006 1000 – Fax 020 7006 5555 – DX: 149120 Canary Wharf 3

**Board Resolution**

**Codere Finance 2 (UK) Limited (the "Company")**

8th Floor, 20 Farringdon Street, London, United Kingdom, EC4A 4AB

**MINUTES OF A MEETING OF THE BOARD OF DIRECTORS**

**HELD** by telephone (with all attendees dialling from within England)

**ON 5 August 2020 at 17:00**

**CHAIRED BY MANUEL MARTINEZ-FIDALGO**

| | |
|---|---|
| **PRESENT:** | Manuel Martinez-Fidalgo |
| | Matthew Charles Turner |
| | (together, the "**Board**") |
| **IN ATTENDANCE:** | Angel Corzo Uceda (Codere S.A.) |
| | Philip Hertz (Clifford Chance) |
| | Timothy Lees (Clifford Chance) |
| | Rahim Darr (Clifford Chance) |
| | Rob Espin (Clifford Chance) |

**IT WAS RESOLVED** that Manuel Martinez-Fidalgo be appointed Chairman of the meeting.

1.  **QUORUM**

    The Chairman declared that the meeting had been properly convened and that a quorum was present.

2.  **PURPOSE OF THE MEETING**

2.1  The Chairman reported that the purpose of the meeting was:

   2.1.1  to report to the Board on the status of the restructuring of certain financing obligations of Codere S.A. (the "**Parent**") and its subsidiaries (the "**Group**") (the "**Restructuring**") by way of an English law scheme of arrangement under the Companies Act 2006 (the "**Scheme**"). It was noted that such financial obligations included obligations of the Company, the Company having agreed to assume the rights and obligations of Codere Finance 2 (Luxembourg) SA ("**Codere Finance**") under:

   (a)  EUR 500,000,000 6.750% senior notes due 2021 (the "**Euro Notes**") pursuant to an indenture dated 8 November 2016 (as modified, amended or supplemented from time to time) relating to the Notes (as defined below) (the "**Indenture**"); and

   (b)  USD 300,000,000 7.625% senior notes due 2021 (the "**USD Notes**" and, together with the Euro Notes, the "**Notes**") pursuant to the Indenture, and

Having regard to these factors, the directors were confident that the proposed Restructuring was capable of implementation. As such, the directors concluded that there was a reasonable prospect of the Company avoiding insolvent liquidation. The directors noted that they would have to reconsider the Company's position if the prospects of the Restructuring were to change

12. **BENEFIT**

After due and careful consideration of the matters set out above, the directors concluded that the Company and its creditors would materially benefit from the Restructuring and its implementation through the Scheme.

13. **RESOLUTIONS**

13.1 After due and careful consideration, **IT WAS UNANIMOUSLY RESOLVED** that:

13.1.1 the Restructuring, the Scheme and the US Recognition Process are in the best interests and to the advantage and benefit of the Company and the Company's creditors;

13.1.2 the Company's Scheme be launched by the issuance of the Practice Statement Letter, with any amendments as may be approved;

13.1.3 each director of the Company named above, be severally authorised to:

a) agree the final form of the Practice Statement Letter;

b) execute the Practice Statement Letter on behalf of the Company;

c) do all other acts, take all other actions and things and agree and execute all such other documents, notices and other communications as he reasonably considers necessary and/or desirable in connection with the launch of the Scheme by way of the issue of the Practice Statement Letter, in each case on behalf of the Company,

13.1.4 signature of the Practice Statement Letter by the authorised signatory in accordance with paragraph 13.1.3 above shall be conclusive evidence of the approval of the amendments made to it;

13.1.5 the Company would continue to take advice from Clifford Chance and Leading Counsel in relation to Kyma and its objections to the Scheme, and the Board would continue to monitor the situation closely;

13.1.6 the 30 July Letter was and is approved, and each director be severally authorised to send such further letters and take such further steps as he considers appropriate in relation to Kyma and any objections that it may raise in respect of the Scheme; and

13.1.7 Manuel Martinez-Fidalgo or, if failing him, Matthew Charles Turner be appointed the Foreign Representative of the Company in any petition brought by the Company before the United States Bankruptcy Court in the Southern District of New York or other appropriate forum for an order recognising the Scheme as a "foreign main proceeding" under Chapter 15 and recognising the Scheme and granting it comity in the United States.

14. **CLOSE OF MEETING**

    There being no further business, the Chairman declared the meeting closed.

......................................................
Chairman

......................................................
Director

## Chapter 15 Petition

Item 11: Corporate Ownership Statement

CLIFFORD CHANCE US LLP
Jennifer C. DeMarco
Michelle M. McGreal
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000

*Attorneys for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
: 
In re:                                                  : 
                                                        :  **Chapter 15**
                                                        : 
**CODERE FINANCE 2 (UK) LIMITED,**                      : 
                                                        :  Case No. 20-_____ (__)
**Debtor in a Foreign Proceeding.** [1]                 : 
                                                        : 
------------------------------------------------------- x

**CORPORATE OWNERSHIP STATEMENT OF CODERE FINANCE 2 (UK) LIMITED
PURSUANT TO BANKRUPTCY RULES 1007(A)(4) AND 7007.1 AND LOCAL RULE 1007-3**

1. List of corporations, other than governmental units, that directly or indirectly own ten percent (10%) or more of any class of the Debtor's equity interests:

| Corporation Name | Percentage Ownership |
|---|---|
| Codere S.A. | 100% |

2. List of all entities whose securities are publicly traded in which the Debtor directly or indirectly owns 10% or more of any class of the corporation's equity interests, and any general or limited partnership or joint venture in which any of the Debtors owns an interest: None

---

[1] Codere Finance 2 (UK) Limited is incorporated and registered in England and Wales with company number 12748135. The Company has its registered office at Suite 1, 3rd Floor, 11-12 St. James Square, London, SW1Y 4LB.

- 2 -